# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**QUENTON VERNARD JONES**  PETITIONER

VS.  No. 4:21-cv-00198 JM/PSH

**DEXTER PAYNE, Director of the**
**Arkansas Division of Correction**  RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Quenton Vernard Jones ("Jones"), an inmate in the custody of the Arkansas Division of Correction (ADC), filed this application for writ of habeas corpus pursuant to 28 U.S.C. §2254. Jones is represented by counsel.

Jones, proceeding *pro se*, filed his first federal habeas corpus case in 2017. *See Jones v. Kelley*, No. 5:17cv232 JM/PSH. He challenged his 2012 convictions for first-degree murder, attempted first-degree murder, committing a felony with a firearm, and

committing the offenses in the presence of a child. Jones entered guilty pleas to these charges, and was sentenced to 660 months' imprisonment. Jones advanced six claims for habeas corpus relief. Judgment was entered denying habeas corpus relief on July 30, 2018. This Court and the Eighth Circuit Court of Appeals denied Jones' requests for a certificate of appealability.

Jones, represented by counsel, filed a second habeas corpus petition in 2019. *See Jones v. Kelley*, No. 5:19cv00364 JM/PSH. The Court, citing 28 U.S.C. § 2244(3)(A), found Jones had failed to obtain permission from the Eighth Circuit Court of Appeals to file the second or successive petition. As a result, the petition was dismissed, and the Court declined to issue a certificate of appealability.

Jones, represented again by counsel, filed the instant petition in March 2021, again challenging his 2012 convictions. Citing Federal Rule of Criminal Procedure 33(b), he contends he is entitled to a new trial based on the discovery of newly available evidence. Respondent Dexter Payne ("Payne") moves to dismiss the current petition because Jones failed to seek or receive permission from the Eighth Circuit Court of Appeals to file a successive petition. Docket entry no. 6.

28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant *shall* move in the appropriate court of appeals for an order authorizing the district court to consider the application." (Emphasis added). The statutory language is clear - permission must be received before an applicant may file a successive petition with the district court. *Burton v. Stewart*, 549 U.S. 147, 157 (2007)("The long and short

2

of it is that Burton neither sought nor received authorization from the Court of Appeals before filing his" successive petition, and the District Court was therefore without jurisdiction to entertain it.).

Jones' reliance on Federal Rule of Criminal Procedure 33(b) regarding requesting a new trial is misplaced. Jones was convicted in state court and is challenging his state convictions. Habeas corpus proceedings are civil in nature, and governed by both the Federal Rules of Civil Procedure and the discrete Rules Governing Section 2254 Cases in the United States District Court. *Mayle v. Felix*, 545 U.S. 644 (2005). The Federal Rules of Criminal Procedure are inapplicable.

Given Jones' failure to obtain the requisite permission from the Eighth Circuit Court of Appeals, the undersigned recommends that Payne's motion to dismiss (docket entry no. 6) be granted and the petition be dismissed without prejudice pending an order from the Eighth Circuit Court of Appeals containing authorization for filing.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, the undersigned recommends that the certificate of appealability be denied.

IT IS SO ORDERED this 20th day of May, 2021.

                                                               UNITED STATES MAGISTRATE JUDGE